O

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

LAREDO DIVISION

| | |
|---|---|
| RAMON GONZALEZ, | * |
| | * |
| Plaintiff, | * |
| VS. | * |
| | * |
| THE GEO GROUP, INC., ET AL., | * |
| | * |
| Defendants and | *   CIVIL ACTION NO. L-07-65 |
| Third-Party Plaintiffs, | * |
| | * |
| VS. | * |
| | * |
| THE UNITED HEALTH & HUMAN | * |
| SERVICES, ET AL., | * |
| | * |
| Third-Party Defendant. | * |

<u>MEMORANDUM AND ORDER</u>

Pending is a motion to transfer venue filed by the Defendants/Third-Party Plaintiffs (Docket No. 6). This case arises out of events allegedly occurring in the South Texas Detention Facility in Pearsall, Frio County, Texas. The case was originally filed in state district court in Webb County and removed to this Court by the federal Third-Party Defendants. Plaintiff responded to the Motion to Transfer (Docket No. 14) and Defendants replied to that response (Docket No. 20).

The Defendants seek transfer to the United States District Court for the Western District of Texas, San Antonio Division. The statute governing this motion is 28 U.S.C. §1404(a), which provides

that a case may be transferred "for the convenience of parties and witnesses, in the interest of justice."  A transfer must be made only to a district or division where the case could have been filed originally.  Pursuant to 28 U.S.C. §1391, this case clearly could have been filed in the San Antonio Division of Western Texas. Defendant Erasmo Bravo has filed an affidavit stating that he is the Warden of the detention facility in Pearsall, works there, and resides in Medina County.  Both Frio and Medina Counties are part of the San Antonio Division of Western Texas.  Likewise, a substantial part of the events or omissions giving rise to the claim occurred in Frio County.

In evaluating a motion to transfer venue, the Court must consider several private and public interest factors, none of which are dispositive.  In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004).

With respect to the private concerns, neither venue would place the case in Frio County.  However, according to Google Maps, the distance from the Frio County Detention Facility to the Laredo Courthouse is 101 miles, and the distance to the San Antonio Courthouse is 58 miles.  While this difference is not overwhelming, it nevertheless is almost twice the distance from one venue to the other.  This additional distance "means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stay

increases the time which...fact witnesses must be away from their regular employment." In Re Volkswagen AG, 371 F.3d at 205. While it is not yet established how many witnesses would be required at trial, Plaintiff alleges that for thirteen days "prison guards failed to call medical personnel," despite his continuous pleas for help. It is reasonable to assume that over the course of those thirteen days, several different guards would be involved. Further, Plaintiff's pleadings challenge the operation of the entire facility, claiming the hiring of "unqualified jailers," inadequate training and equipment, and inadequate staffing. Moreover, the Third-Party Complaint involves a dispute between Defendant GEO and the pertinent federal agencies as to the proper method for Frio detainees to seek and obtain medical treatment and which entity bears responsibility, if any, for Plaintiff's plight. All these issues solely relate to conditions and events in the Frio County facility.

Plaintiff's opposition to the transfer motion is singularly unhelpful. For example, Plaintiff makes the remarkable assertion, without any explanation, that a substantial part of his claim occurred in Webb County, Texas. He follows with conclusory allegations that transfer would contravene "a strong public policy," would be "fundamentally unfair" and would be "a serious inconvenience." These conclusions are presumably supported by the affidavit of attorney Eduardo Jaime which, as Defendants observe,

3

is basically irrelevant. The only factor arguably germane is that the Plaintiff was initially arrested and detained in Webb County before being transferred to the Frio County facility. The affidavit asserts that Plaintiff's mother is elderly and ill, making it difficult for her to visit Plaintiff. That problem would have resulted from the fact of Plaintiff's transfer to Frio County, and has no bearing on what did or did not happen to him after he arrived there. Further, §1404(a) deals with convenience of parties and witnesses, not of non-party relatives.

The parties debate whether or not Defendant GEO does business in Webb County. Part of the dispute is Plaintiff's assertion that the presence of the Wackenhut Company in Laredo equals GEO's presence, which the latter denies. Even assuming GEO does some business in Webb County, the fact remains that this case entirely relates to the facility in Frio County. GEO does business in many places. It does not follow that all of those places would be the convenient venue for a case arising entirely in Frio County. In sum, the Court concludes that the private concerns in the §1404(a) analysis overwhelmingly favor transfer.

The public concerns are largely neutral. The courts in both venues would be equally familiar with pertinent law, and neither venue would present problems with conflicts of laws. The factor of court congestion probably tilts in favor of the San Antonio Division, if for no other reason than the larger number of judges

4

there and the notoriously heavy criminal docket in this Division. With respect to "the local interest in having localized interests decided at home," 371 F.3d at 203, neither venue is precisely "home" for Frio County. Nevertheless, the San Antonio venue would logically have more of an interest. For example, should the case proceed to trial, citizens of Frio and Medina Counties would at least have an opportunity to be on the jury panel, which would not be true in this venue. Moreover, if federal prisoners are being mistreated at the Frio County facility, or if there is a dispute as to the responsibility of the federal government for health treatment at that facility, it would be far more appropriate for the federal court in San Antonio to consider those issues.

For all the foregoing reasons, the Motion to Transfer is GRANTED.

DONE at Laredo, Texas, this 4th day of January, 2008.

_____
George P. Kazen
United States District Judge